**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Nancy Ann FUKUTAKI, Defendant— Appellant.**

**No. 01–50173.**
**D.C. No. CR–00–02415–IEG.**

United States Court of Appeals, Ninth Circuit.

Submitted June 4, 2002.*

Decided June 6, 2002.

---

1. The grammatical, punctuation, and spelling errors are the defendant's.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before HALL, SILVERMAN, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Nancy Ann Fukutaki was arrested while entering the United States from Mexico when drugs were found in the fuel tank of the truck she was driving. Following a jury trial, she was convicted of importation of marijuana, 21 U.S.C. §§ 952 & 960, and possession of marijuana with intent to distribute, 21 U.S.C. § 841(a)(1). On appeal, she argues (1) the evidence presented at trial was insufficient to support her conviction; (2) information redacted from an arrest report, produced by the government during discovery, violated *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); and (3) the district

court erred in excluding two items of evidence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. As the parties are familiar with the facts and procedural history of the case, we will not detail them here except as necessary.

■ Fukutaki first argues that the evidence presented at trial was insufficient to show she knew of the drugs in her fuel tank. Evidence is sufficient to support a conviction if, viewed in the light most favorable to the prosecution, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Reviewing the record and Fukutaki's arguments on appeal, we cannot say that no rational jury could have found her guilty beyond a reasonable doubt. The evidence was thus sufficient to support Fukutaki's conviction.

■ Fukutaki next argues that information redacted from the copy of the arrest report produced by the government during discovery violated *Brady.* Alleged *Brady* violations are reviewed de novo. *United States v. Ciccone,* 219 F.3d 1078, 1085 (9th Cir.2000). The redacted information included a summary of passenger Vissars's post-arrest statements and information showing that the rental truck had previously entered Mexico. "[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment...." *Brady,* 373 U.S. at 87, 83 S.Ct. 1194. However, "the prosecutor is not required to deliver his entire file to defense counsel, but only to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial...." *United*

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

*States v. Bagley,* 473 U.S. 667, 675, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985).

The most helpful aspect of Vissars's post arrest statements—that he corroborates Fukutaki's story—was substantially disclosed to Fukutaki in the affidavit accompanying the criminal complaint filed soon after their arrest. Even if Vissars's statements can be construed as self-inculpatory, they in no way exculpate Fukutaki. "The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense." *United States v. Croft,* 124 F.3d 1109, 1124 (9th Cir.1997) (quoting *United States v. Agurs,* 427 U.S. 97, 109–10, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976)); *see also Bagley,* 473 U.S. at 675, 105 S.Ct. 3375. In sum, the government's redaction of Vissars's statements and the rental truck history from the arrest report cannot be said to undermine confidence in the verdict, and the non-disclosure of the redacted information therefore did not violate *Brady.*

Finally, Fukutaki argues that the district court erred in excluding two items of evidence: the minute order showing the dismissal of the charges against Vissars, and the I.N.S. referral slip showing Vissars's criminal history. A district court's evidentiary rulings are reviewed for an abuse of discretion. *Old Chief v. United States,* 519 U.S. 172, 174 n. 1, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997). The district court excluded both the minute order and the I.N.S. referral slip as inadmissible hearsay. Fukutaki does not attempt to argue that the referral slip is not hearsay, and the arguments she makes as to why it should have been admitted are without merit. As to the minute order, even if it could have been admitted as non-hearsay, it is not relevant; furthermore, Fukutaki elicited from a witness at trial the same information contained in the minute order, that charges against Vissars had been dropped. The exclusion of these two items of evidence was thus not an abuse of discretion.

AFFIRMED.